SHARP CORP. AND SHARP ELECTRONICS CORP., PLAINTIFFS *v.* UNITED STATES ET AL., DEFENDANTS

Court No. 86–10–01299

(Dated June 8, 1987)

*Shanley & Fisher* (*Peter J. Gartland* on the brief) for the plaintiffs.
*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, (*J. Kevin Horgan* on the brief) for defendants.

### MEMORANDUM OPINION AND ORDER

RAO, *Judge:* This action involves television receivers imported from Japan under a dumping order (T.D. 71–76), which plaintiffs seek to have defendants revoke as to their merchandise. Before the Court is defendants' motion for a protective order relieving them of the obligation of complying with various discovery requests made by plaintiffs pursuant to the Rules of this Court, including:

> (1) Plaintiffs' first set of interrogatories to defendants dated March 24, 1987;
> (2) Plaintiffs' document production request dated March 24, 1987; and
> (3) Plaintiffs' first request to admit, also dated March 24, 1987.

It is defendants' position that this action involves judicial review of an antidumping determination and that such review must be made on the basis of the administrative record alone, without a trial *de novo,* and that discovery is not appropriate.

Plaintiffs claim that discovery is not only permissible, but necessary in this action because this case involves non-performance under a settlement agreement entered into by the parties on April 28, 1980, as well as agency action or inaction. Further, plaintiffs

claim that discovery is necessary to locate the complete administrative record in this action and that discovery is appropriate where there has been a "strong showing of bad faith or improper behavior" on the part of agency officials. *Citizens to Preserve Overton Park, Inc.* v. *Volpe,* 401 U.S. 402, 420 (1971).

Defendants admit that discovery is permitted in cases of "apparent incompleteness of the record" or where there has been a strong showing of bad faith on the part of agency officials, but deny that these circumstances are present in this case.

It is the opinion of this Court that discovery, as proposed by the plaintiffs, should be permitted in this action, but that it should be limited to those areas and documents which deal directly with these plaintiffs' merchandise, rather than encompassing T.D. 71–76 as it relates to other manufacturers or other merchandise. Plaintiffs have demonstrated, and defendants have not denied, that the record filed with the Court on March 24, 1987 is incomplete (it does not even contain a copy of the settlement agreement). Defendants have not established that the inordinate delays involved in the annual reviews and in finalizing the tentative revocation order were legally excusable, especially considering their agreement of April 28, 1980.

The Court has reviewed the interrogatories, the document production request and the first request to admit. It is the opinion of this Court that defendants shall respond fully to the document production request and the first request to admit. As to the first set of interrogatories:

> (a) The response to question 2 may be limited to preliminary or final results relating to plaintiffs' merchandise,
>
> (b) question 8 is limited to identifying those persons participating in any administrative reviews of T.D. 71–76 involving plaintiffs' merchandise, and
>
> (c) question 10 is limited to those documents relating to the decision in *Freeport Mineral Co.* v. *United States,* 776 F.2d 1029, involving plaintiffs' merchandise.

Responses to be made pursuant to this order are to be served within 45 days of the date of this order.